George Erick **KLEIN, Jr., Appellant,**

v.

The **STATE of Oklahoma, Appellee.**

No. A–18197.

Court of Criminal Appeals of Oklahoma.

June 20, 1973.

Terry G. Shipley, Noble, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

George Erick Klein, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Cleveland County, Oklahoma, Case No. CRF–72–332, for the offense of Robbery with Firearms, After Former Conviction of a Felony. His punishment was fixed at a term of twenty (20) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

The defendant's sole proposition of error contends that the trial court committed reversible error when he denied him the right to cross-examine the eyewitness as to her extra-judicial identification of him.

The record reveals that on direct examination of Mary Hunter, the eyewitness, she identified the defendant as the person who robbed her. On cross-examination of this witness, the following transpired:

"Q. No, ma'am. When is the first time you identified the Defendant here.

"A. The Detective brought a Mug-Book up a few minutes after the robbery and I picked out a picture of the young man who had just robbed me.

"Q. And will you please tell the jury and the Court in you own words exactly what took place when this was brought up to you.

"MR. BOSWELL: To which we would object, Your Honor, and I would like to approach the Bench.

"THE COURT: You may approach the Bench.

"MR. BOSWELL: Comes now the State of Oklahoma and moves that, if further questions are asked involving photo identification of the Defendant, that it be done without the presence of the jury under the laws of the State of Oklahoma.

"THE COURT: What says the Defendant?

"MR. SHIPLEY: I think the Defendant has a right to inquire with respect as to how she—the process that lead up to the identification, that this is one of the elements here. I

think the jury has a right to hear how it is that today she can identify and the process that she went through identifying on that first day, and I believe her testimony at the Preliminary Hearing was that she took his photograph and it was the first one that she looked at. I think the jury is entitled to hear that." (Tr. 20–22)

Thereafter, the trial court dismissed the jury and conducted a hearing outside the presence of the jury on the pre-trial identification procedure. At the close of this hearing, the defendant's attorney made the following motion:

"MR. SHIPLEY: Your Honor, I think, here again, I will re-urge my Motion that the jury be allowed to listen to this, that she was able to identify him.

"MR. BOSWELL: It's a matter of law, Your Honor, for the Court to rule on.

"THE COURT: It's overruled." (Tr. 32)

From the record, it is therefore apparent that the trial court refused to allow the defendant to cross-examine the State's eye-witness relative to the pre-trial identification. It is therefore our opinion that this case falls within the rule as set down in the case of Davis v. State, Okl.Cr., 467 P. 2d 521 (1970) wherein this Court stated in the Syllabus:

"Where the trial court refuses to allow the defendant the right to cross-examine witnesses who have identified him on direct examination concerning the facts and circumstances surrounding pre-trial identification by photograph or lineup, such refusal constitutes reversible error."

It is therefore our opinion that the judgment and sentence should be reversed and the same is hereby reversed and remanded for a new trial.

BUSSEY, J., concurs.