STATE OF WEST VIRGINIA

*v.*

WILLIAM FRANCIS O'CONNELL

(No. 13965)

Decided July 10, 1979.

*Charles W. Davis, Richardson, Kemper, Hancock & Davis* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Dennis M. Abrams*, Assistant Attorney General, for defendant in error.

MCGRAW, JUSTICE:

The defendant was tried and convicted of first degree murder in the Circuit Court of Mercer County and was sentenced to life imprisonment with mercy.

The principal assignment of error is that the trial court erred in giving, over objection, an instruction impermissibly shifting the burden of proof to the defendant as to a material element of the crime. More specifically, the defendant contends State's Instruction No. 5 violates the principles enunciated in *State v. Pendry*, _____ W. Va. _____, 227 S.E.2d 210 (1976) and its progeny.

That instruction states:

The Court instructs the jury that a man is presumed to intend that which he does, or which

is the immediate and necessary consequences of his act.

The defense submits that this instruction tells the jury that if they believe that the defendant killed the homicide victim, it is presumed that he intended to kill the victim. Thus, it is argued that the instruction unconstitutionally relieved the State of its burden of proving beyond a reasonable doubt the intent element of the crime by improperly shifting the burden of proof to the defendant.

Based on post-*Pendry* decisions, the State contends that if an instruction (1) is not couched in mandatory terms; and (2) does not sift the burden of proof to the defendant for any material element of the crime, it is not constitutionally defective. *See, State v. Wright,* _____ W. Va. _____, 249 S.E.2d 519 (1978); syl. pt. 3, *State v. Starkey,* _____ W. Va. _____, 249 S.E.2d 219 (1978). The State also argues that other instructions adequately and properly informed the jury of the State's burden of proof and that an examination of the instructions as a whole reveals the jury was properly instructed as to the law of the case.

The instruction complained of or its equivalant has been given and approved in numerous decisions of this Court since its incorporation in the initial clause of *Pendry*-type instructions many years ago. *See,* syl. pt. 11, *State v. Cain,* 20 W. Va. 679 (1882); *State v. Kellison,* 56 W. Va. 690, 47 S.E. 166 (1904); *State v. Reppert,* 132 W. Va. 675, 694–95, 52 S.E.2d 820, 832 (1949) and the decisions cited therein. A very similar instruction was approved as recently as 1974 in *State v. Putman,* _____ W. Va. _____, 205 S.E.2d 815 (1974). This is the first time, however, we have been faced with the question of the validity and propriety of this instruction since the United States Supreme Court pronouncement in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881 44 L. Ed.2d 508 (1975) and this Court's application of that decision in *State v. Pendry, supra.*

We now consider the instruction's constitutional valid-ity. The instant instruction is not a binding or mandatory instruction requiring the jury to find the defendant had an intent to kill. The word "presume" does not, in common usage, connote a conclusive or mandatory rule of law absolutely imputing the requisite intent to the accused. A mandatory instruction would read, for example, "the rule of law is that a man shall be taken to intend that which he does, or which is the necessary consequence of his act." This type instruction was condemned as being mandatory in syl. pt. 15 of *State v. Taylor*, 57 W. Va. 228, 50 S.E. 247 (1905) and syl. pt. 17 of *State v. Sheppard*, 49 W. Va. 582, 39 S.E. 676 (1901).

The critical question remaining, however, is whether the instruction shifts the burden of proof and requires the defendant to disprove a material or essential element of the crime. We believe it does.

The problem with the use of the word "presume" in the instruction in question is that it implicitly establishes a fact necessary for conviction—intent to kill—which fact remains established unless the defendant can rebut it with proof to the contrary. This is a constitutionally impermissible shifting of burden of proof. In a criminal prosecution, it is constitutional error to give an instruction which supplies by presumption any material element of the crime charged. Even though the instruction does not explicitly instruct the jury that it is necessary for the defendant to bear the ultimate burden of persuasion, the word "presume" in its historical and common[1] usage carried with it that distinct and inescapable meaning. We do not accept the reasoning that this instruction does not use the word "presume" as a legal word of art and that the jury would not have so understood it.

---

[1] *Webster's New Collegiate Dictionary* 911 (1974) defines "presume" to mean "to suppose to be true without proof."

Another definition is "to accept as true or credible without proof or before inquiry. . . ." *Webster's Third New International Dictionary* 1796 (1974).

The use of the word "presume" has long been held in this jurisdiction to create a rebuttable presumption of law. In *State v. Sheppard,* 49 W. Va. 582, 39 S.E. 676 (1901), the Court considered the significance of the word "presume" in an instruction, and discussed the propriety of giving what is now referred to as a *Pendry*-type instruction from which the word "presumed" had been omitted. The Court stated:

> It was intended and operates as a means of judicially determining by the aid of the jury the necessary ingredients of murder known as wilfulness, deliberation, and premeditation in those cases in which it is shown that there has been a killing, unattended by any circumstance sufficient to excuse, justify, or reduce the crime to an offense inferior to that of murder in the first degree. ... It is a presumption of law and to leave the word "presumed" destroys or at least impairs its character as such. It is not true that man always intends that which he does or that which is the immediate or necessary consequence of his act, and the law holds no man to such responsibility. It does presume, however, that he so intends it, but allows him, if he can, to rebut or overthrow that presumption. *Id.* at 605, 39 S.E. at 686.

After this case was argued and submitted for a decision and this Court had carefully considered the difficult constitutional question, the United States Supreme Court rendered a unanimous and definitive decision on the constitutional question presented here. In *Sandstrom v. Montana,* 47 U.S.L.W. 4719 (June 18, 1979) a homicide conviction was reversed where the jury was instructed that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts." The Court held that the giving of such an instruction violates the Due Process Clause of the Fourteenth Amendment "[b]ecause David Sandstrom's jury may have interpreted the judge's instruction as constituting ... a burden-shifting presumption like that in *Mullaney.*

..." *Id.* at 4723. The timely *Sandstrom* decision reinforces our conclusion by establishing the following guiding principle: "Whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction," and "[t]hat determination requires careful attention to the words actually spoken to the jury." *Id.* at 4720. *accord, State v. Mason,* ____ W. Va. ____, 249 S.E.2d 793, 799–800 (1978). As earlier discussed, we have no doubt that a reasonable juror could have interpreted the instant instruction containing the word "presume" as placing the burden of persuasion on the accused.

Considering the fact that this instruction could be interpreted by a reasonable juror or jury as shifting to the accused the burden of persuasion as to a material element of the crime, and considering the fact that the use of the word "presume" in an instruction has always been viewed in this jurisdiction as creating a rebuttable presumption of law, we hold the instruction constitutionally defective.

Accordingly, we reverse and set aside the judgment of the trial court and remand for retrial.

*Reversed.*