STATE OF WEST VIRGINIA

*v.*

VERLIN LEO COMBS

(No. 14155)

Decided December 9, 1980.

150

*Robert K. Means* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *S. Clark Woodroe,* Assistant Attorney General, for defendant in error.

PER CURIAM:

The defendant was convicted of unlawful assault in the Circuit Court of Cabell County and was sentenced to a term of one to five years in the penitentiary under *W.Va. Code* 61-2-9.

The principal assignment of error upon which we direct our attention is that the trial court erred in giving an instruction which impermissibly shifted the burden of proof on a material element of the crime to the defendant. More specifically, defendant contends that State's Instruction No. 5 violates the principles enunciated in *State v. Pendry,* 159 W.Va. 738, 227 S.E.2d 210 (1976).

That instruction states:

> The Court instructs the jury that a man is presumed to intend that which he does, or which is the immediate or necessary consequence of his act; and if you believe from the evidence beyond a reasonable doubt that the defendant, Verlin Leo Combs, without any or upon slight provocation, wounded Katherine Louise Bishop by the deliberate use of a deadly weapon likely to produce death under the circumstances, the presumption of law arises in absence of proof to the contrary is, that he intended the consequences that resulted from the use of said deadly weapon.

The State submits that (1) the instruction is not defective as a *Pendry* instruction because it does not instruct the

jury to presume the essential element of intent; and (2) even if the instruction is defective, its use constitutes harmless error because the actual verdict resulted in a conviction for a lesser included offense. *See, State v. Kirtley,* 162 W.Va. 249, 252 S.E.2d 374 (1978); *State v. Mason,* 162 W.Va. 297, 249 S.E.2d 793 (1978).

Petitioner was convicted under *Code,* 61-2-9 which states:

*Malicious or unlawful assault; penalty.*

If any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disfigure, disable or kill, he shall, except where it is otherwise provided, be guilty of a felony, and, upon conviction, shall be punished by confinement in the penitentiary not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall be guilty of a felony, and, upon conviction, shall, in the discretion of the court, either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars.

The statute makes it clear, as does the case law in this State, that intent is an essential element of both malicious wounding and unlawful wounding. *State v. Stalnaker,* 138 W.Va. 30, 76 S.E.2d 906 (1953). Syllabus Point 3 of *Stalnaker* states that " '[t]o support a finding of unlawful wounding under Section 9 of Chapter 144 of the Code [*Code,* 61-2-9], there must be intent to produce a permanent disability or disfiguration.' *State v. Taylor,* 105 W.Va. 298, Point 3 Syllabus [142 S.E. 254]." *Accord, State v. Daniel,* 144 W.Va. 551, 109 S.E.2d 32 (1959); *McComas v. Warth,* 113 W.Va. 163, 167 S.E. 96 (1932); *State v. Meadows,* 18 W.Va. 658 (1881).

Since intent to produce a permanent disability or disfigurement is an essential element of unlawful wounding, we must now determine whether the instruction in this case impermissibly shifts the burden of proof and requires the defendant to disprove the existence of such intent. We conclude that it does.

We recently addressed this issue in *State v. O'Connell*, 163 W.Va. 366, 256 S.E.2d 429 (1979) where we found a similar instruction constitutionally defective. In *O'Connell*, we discussed the meaning of the word "presume" in the context of burden shifting instructions and said: "[W]e have no doubt that a reasonable juror could have interpreted the instant instruction[1] containing the word 'presume' as placing the burden of persuasion on the accused." *Id.* at 370, 256 S.E.2d at 431-32.

We continued:

> Considering the fact that this instruction could be interpreted by a reasonable juror or jury as shifting to the accused the burden of persuasion as to a material element of the crime, and considering the fact that the use of the word 'presume' in an instruction has always been viewed in this jurisdiction as creating a rebuttable presumption of law, we hold the instruction constitutionally defective. [*Id.* at 370, 256 S.E.2d at 432].

On the basis of our decision in *O'Connell*, we find the instruction in this case defective. Because intent is an essential element of unlawful wounding, and because the instruction is related to the actual verdict, the *Kirtley* and *Mason* cases relied on by the State are not applicable here.

The giving of State's Instruction No. 5 was not harmless error. Accordingly, we reverse and set aside the judgment of the trial court and remand for retrial.

*Reversed and remanded.*

---

[1] The instruction in *O'Connell* stated:

"The Court instructs the jury that a man is presumed to intend that which he does, or which is the immediate and necessary consequences of his act."