STATE OF WEST VIRGINIA

*v.*

CHERYL ANN HADDOX

(No. 14251)

Decided April 3, 1981.

*Preiser & Wilson, John W. Swisher and Franklin S. Fragale, Jr.,* for plaintiff-in-error.

*Chauncey H. Browning,* Attorney General *and S. Clark Woodroe,* Assistant Attorney General, for defendant-in-error.

PER CURIAM:

In this appeal from the Circuit Court of Cabell County, the appellant, Cheryl Ann Haddox, seeks reversal of a final

judgment of conviction entered upon a jury verdict finding her guilty of second degree murder.

The appellant assigns as error the giving, over objection, of Court's Instruction No. 10. That instruction reads, in pertinent part, as follows:

> "The Court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the defendant, Cheryl Haddox, used a deadly or dangerous weapon, that is, a knife, without any or upon slight provocation, then the law of the State of West Virginia is that such act gives rise to a presumption that the accused, by the use of such deadly and dangerous weapon, intended the natural and probable consequences of her act."

Relying upon this Court's decision in *State v. O'Connell*, 163 W.Va. 366, 256 S.E.2d 429 (1979), the appellant contends this instruction unconstitutionally placed upon her the burden of proving that she did not intend the natural and probable consequences that result from the use of a deadly weapon and in so doing relieved the State of the burden of proving the material element of intent beyond a reasonable doubt. We agree with the appellant's contention.

The instruction condemned by *O'Connell*, as being constitutionally defective reads as follows: "The Court instructs the jury that a man is presumed to intend that which he does, or which is the immediate or necessary consequences of his act."

Functionally, the instruction complained of in this case and the instruction condemned in *O'Connell* are the same. More importantly they are the same because each would be interpreted similarly by a reasonable juror. *State v. O'Connell, supra*; *Sandstrom v. Montana*, 442 U.S.510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

The instruction's problem arises because of the use of the word "presumption" which establishes intent, an element of the crime necessary for conviction, and implicitly intent remains established unless the defendant can rebut it with proof to the contrary. Thus, the instruction unconstitutionally shifts the burden of proof to the defendant:

"In a criminal prosecution, it is constitutional error to give an instruction which supplies by presumption any material element of the crime charged." Syllabus, *State v. O'Connell, supra.*

In response to this assignment of error, the State contends that any error committed is encompassed within the doctrine of harmless constitutional error. The State asserts that "[i]ntent which is the element asked to be presumed by the challenged instruction, is not an element of second degree murder, the verdict that was returned."

The State's position is not well taken. Intent is an element of second degree murder, the verdict returned in this case, and the doctrine of harmless constitutional error does not apply.

Even though the specific intent to kill is not an element of the crime of second degree murder, *see,* e.g., *State v. Starkey,* 161 W.Va. 517, 244 S.E.2d 219 (1978), Instruction No. 10 is not constitutionally harmless. A conviction for second degree murder cannot be sustained without proof beyond a reasonable doubt that the accused had the requisite criminal intent. In regard to second degree murder, the requisite criminal intent would be the intent to do great bodily harm, or a criminal intent aimed at life, or the intent to commit a specific felony, or the intent to commit an act involving all the wickedness of a felony. *State v. Starkey, supra; State v. Hedrick,* 99 W.Va. 529, 130 S.E. 295 (1925). Thus, the intent to do great bodily harm can be an element of murder in the second degree, and when Instruction No. 10 informed the jury that the use of a deadly weapon gave rise to a presumption of intent, the State was relieved of the burden of proving the intent to commit a felonious criminal act or the intent to do great bodily harm.

Moreover, we cannot find merit in the State's contention that infer and presume "essentially" have the same meaning in an instruction. Unlike the word "infer", the word presume has a well-established legal meaning. When used in an instruction, it creates a "rebuttable presumption of law." *O'Connell, supra,* at 369, 256 S.E.2d at 431.

Accordingly, because Court's Instruction No. 10 was given, the final judgment of conviction is reversed and the case remanded for a new trial.

The appellant assigns three other errors, and while we do not find that they constitute grounds for reversal of the verdict, we address them briefly.

The appellant contends that certain remarks made by the prosecuting attorney in the jury's presence were impermissible comments on the failure of the defendant to take the stand and testify. Defense counsel was questioning a witness that had been announced to be the last defense witness. The defendant had not testified. The witness indicated she had a telephone conversation with the defendant on the evening before the murder occurred. Defense counsel asked, "What was the subject of that conversation?" The prosecutor responded, "I'm going to object, Your Honor, to anything that the defendant told this witness over the telephone. The defendant is here and can testify as to what the conversation was, but I am going to object as to this witness testifying as to that conversation."

We do not agree with the appellant's contention that this evidentiary objection constituted a comment upon the failure of the defendant to testify. There is no evidence that, as the appellant contends, the prosecutor intended these remarks to be such a comment. Moreover, our review of the record fails to disclose any direct or indirect attempts by the prosecutor to call attention to the appellant's failure to testify. While this Court has shown great sensitivity to comments on the failure of defendants to testify, *see*, e.g., *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977); *State v. Noe*, 160 W.Va. 10, 230 S.E.2d 826 (1976), a sole evidentiary objection by the prosecutor without repetition or bad motive cannot be branded as constitutionally infirm. *See*, e.g., *State v. McClure*, 163 W.Va. 33, 253 S.E.2d 555 (1979); *State v. Simon*, 132 W.Va. 322, 52 S.E.2d 725 (1949). Accordingly, we believe, as the prosecutor stated in response to defense counsel's objection, that the statement was merely an objection to hearsay evidence and was intended to be nothing further. Accordingly, the trial court

did not commit reversible error by denying the appellant's motion for a mistrial based upon the remark.

The appellant argues that certain comments made by the prosecuting attorney in opening and closing arguments and during the conduct of the trial, when taken cumulatively, denied her a fair trial, and accordingly constituted reversible error. We do not agree.

We have carefully reviewed all of the comments complained of and it would serve no useful purpose to quote them here. These comments do not rise to the level of having denied the defendant a fair trial. "This Court recognizes that wide latitude must be given to all counsel in connection with final argument." *State v. Myers*, 159 W.Va. 353, 222 S.E.2d 300, 306 (1976). Not every improper remark is basis for a mistrial. *Myers.*

The most objectionable of the comments was ambiguous and could have been interpreted by a juror either as indicating the prosecutor's personal belief in the accused's guilt, or as indicating the prosecuting attorney's belief that the evidence proved the appellant's guilt. We have held that an isolated remark by a prosecuting attorney expressing a personal opinion as to a defendant's guilt is not necessarily reversible error. *State v. Curotz*, 142 W.Va. 45, 93 S.E.2d 519 (1956). In regard to all of the instances of which the appellant complains the trial court did everything reasonably necessary to obliterate any prejudicial influence. *Myers, supra*:

> "The discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom." Syl pt. 2, *State v. Simon*, 132 W.Va. 322, 52 S.E.2d 725 (1949).

We conclude that the conduct complained of did not prejudice the appellant and the trial court did not abuse its discretion in failing to grant a mistrial.

We hasten to add that the law of this State contains numerous instructive holdings concerning the permissible

bounds of argument and adversary zeal. Prosecuting attorneys should be mindful of these matters, not only to serve the requirements of justice, but also to protect the integrity on appeal of an otherwise valid jury verdict.

Finally, appellant contends that reversible error was committed when the court failed to sustain defense counsel's objection to the admission of photographs depicting the dead body of the murder victim. It is contended that these photographs had no probative value and served only to inflame and prejudice the jury against the defendant. We do not agree.

The murder victim died of stab wounds. The color photographs objected to are of the upper torso of the victim's body. One photograph is a frontal view, a second is a view of the back, and another is a view of the left arm and left side. Essentially, the three photographs depict the puncture wounds. The defendant contends these photographs violate the rule set out in Syllabus Point 1 of *State v. Rowe*, 163 W.Va. 593, 259 S.E.2d 26 (1979):

> "Gruesome photographs are not *per se* inadmissible, but they must have something more than probative value, because by the preliminary finding that they are gruesome, they are presumed to have a prejudicial and inflammatory effect on a jury against a defendant. The State must show that they are of essential evidentiary value to its case."

In *Rowe*, we indicated that:

> "Photographs that shown much gore and blood, or emphasize contorted facial or bodily features, or depict a body after autopsy procedures; and color photographs and enlargements of particular aspects will be more likely condemned as gruesome." 259 S.E.2d at 28.

Applying the foregoing standards of *Rowe* to these photographs, we conclude that they are not gruesome because they do not depict excessive blood and gore, in fact there is no display of blood but only the puncture wounds. They are not magnified photographs nor do they depict

contorted facial expressions. They also do not depict the body after autopsy. Since the photographs are not gruesome, the State does not need to demonstrate that they are of essential evidentiary value, which is required under *Rowe* if photographs are found to be gruesome. It is sufficient for their admission that they have probative value. Each of these photographs relates directly to and corroborates some piece of testimonial evidence material to the State's case and consequently there is no error in their admission.

The final judgment of conviction is reversed and this case is remanded for a new trial consistent with the views expressed in this opinion.

*Reversed and remanded.*