STATE OF WEST VIRGINIA

*v.*

AGNES KEFFER

(No. 14285)

Decided September 8, 1981.

*Ernest V. Morton, Jr.*, for plaintiff.

*Chauncey H. Browning*, Attorney General, *Paula D. Dean*, Assistant Attorney General, for defendant.

MILLER, JUSTICE:

Agnes Keffer appeals from a final order of the Circuit Court of Webster County which sentenced her to one to five years in the state penitentiary for voluntary manslaughter. Her principal assignments of error relate to the giving of instructions on the presumption of intent, premeditation from the use of a deadly weapon and reasonable doubt. We find that the instructions were improper and reverse the case.

The appellant complains that State's Instruction No. 5 presumes intent and premeditation:

> "The Court instructs the jury that a man is presumed to intend that which he does or which is the immediate or necessary consequence of his act; and if you believe beyond a reasonable doubt that Agnes Keffer, with a deadly weapon in her possession, without any or upon very slight provocation, intentionally gave to the deceased, Eddie Keffer, a mortal wound, the defendant is prima facie guilty of wilful, deliberate and premeditated killing and the necessity rests upon her of showing extenuating circumstances, and unless she proves such extenuating circumstances, or such circumstances appear from the case made by the State, she is guilty of murder in the first degree and you should so find by your verdict."

The State argues that we approved a similar instruction in *State v. Mason*, 162 W. Va. 297, 249 S.E.2d 793 (1978). The instruction in *Mason* involved a charge on second degree murder. We confined our discussion to that portion of the

instruction which dealt with the infliction of a "mortal wound" and which stated upon a showing of such fact that the defendant was *prima facie* guilty of an unlawful and malicious killing." 249 S.E.2d at 798-99. We have recognized that this type of instruction impermissibly shifts the burden of proof of an essential element of the State's case—malice—to the defendant. *State v. Pendry*, 159 W. Va. 738, 227 S.E.2d 210 (1976).[1] This result was dictated by *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed.2d 508, 95 S.Ct. 1881 (1975), where the Supreme Court held unconstitutional an instruction which required the defendant to prove provocation in order to reduce the homicide from murder to voluntary manslaughter. In *Mason*, however, we also concluded that under certain circumstances this type of *Mullaney-Pendry* error could be deemed harmless if, for instance, the jury returned a verdict of voluntary manslaughter on a murder charge. Since this verdict did not involve a finding of malice or premeditation, it could be concluded that the verdict was not affected by the erroneous portions of the typical *Pendry* instruction. *See also State v. Kirtley*, 162 W. Va. 249, 252 S.E.2d 374, 377 (1978).

In *Mason*, however, we did not consider the language of the first portion of the "mortal wound" instruction which read: "The court instructs the jury that a person is presumed to intend that which is the immediate or necessary consequence of his act." ____ W. Va. at ____, 249 S.E.2d at 798. This language is contained in State's Instruction No. 5 and is directed to the issue of criminal intent. Such language has been held to be violative of the Fourteenth Amendment due process requirement that the State prove

---

[1] Syllabus Point 4 of *State v. Pendry*, 159 W. Va. 738, 227 S.E.2d 210 (1976), is:

"In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged, and it is error for the court to instruct the jury in such a manner as to require it to accept a presumption as proof beyond a reasonable doubt of any material element of the crime with which the defendant is charged or as requiring the defendant either to introduce evidence to rebut the presumption or to carry the burden of proving the contrary."

every element of an offense beyond a reasonable doubt. *Sandstrom v. Montana*, 442 U.S. 510, 61 L.Ed.2d 39, 99 S.Ct. 2450 (1979). We adhered to the ruling of *Sandstrom* in *State v. O'Connell*, ___ W. Va. ___, 256 S.E.2d 429 (1979), by holding that this instructional language was constitutionally erroneous because it impermissibly "supplie[d] by presumption [a] material element [criminal intent] of the crime charged." Syllabus, in part, *State v. O'Connell, supra.* For this reason, the initial language, quoted above, of State's Instruction No. 5 is constitutionally deficient under the holdings of *Sandstrom* and *O'Connell*. The latter portion of the instruction would not be erroneous under *Mason* because the conviction in this case was for voluntary manslaughter.

The appellant also complains of several State instructions given on reasonable doubt. We have repeatedly discouraged the giving of instructions attempting to define or explain the reasonable doubt standard outside its customary formulation. *State v. Goff*, ___ W. Va. ___, 272 S.E.2d 457, 462-63 (1980); *State v. Starr*, 158 W. Va. 905, 216 S.E.2d 242, 247 (1975); *State v. Powers*, 91 W. Va. 737, 752-53, 113 S.E. 912, 918 (1922), *overruled on other grounds*, *State v. Petry*, ___ W. Va. ___, 273 S.E.2d 346, 352 (1980). We believe that such instructions "certainly confuse the jury as to the meaning of reasonable doubt and may by themselves be prejudicial to the defendant for the obvious reason that the jury is invited to convict on a lesser standard of proof." *State v. Starr*, 216 S.E.2d at 247.

The State's reasonable doubt instructions alleged to be erroneous are Instruction Nos. 10, 12 and 13. Instruction No. 10 stated:

> "The Court instructs the jury that a reasonable doubt such as is contemplated in law is not a mere fanciful or imagined doubt, but is a fair and substantial doubt based on the evidence or lack of evidence in the case and one for which a man *who entertains such doubt should be able to give a good and substantial reason arising from the evidence or a lack of evidence in the case.*" (Emphasis added)

The vice in this instruction is that it states that unless a juror can "give a good and substantial reason arising from the evidence or a lack of evidence in the case" for their opinion, the defendant should be found guilty. In order to entertain a reasonable doubt, it is not necessary for a juror to be able to articulate a good and substantial reason for his or her doubt. Because the State's burden is "beyond a reasonable doubt," the existence of any reasonable doubt is sufficient to bar a conviction. *State v. Goff, supra.*

State's Instruction No. 12 was:

> "The Court instructs the jury that if, after considering all the evidence, you have a fixed conviction of the truth of the charge, then you are satisfied beyond a reasonable doubt, and it is your duty to convict the defendant. The doubt which will justify an acquittal must be actual and substantial, not all fanciful or imaginary doubt, because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. If you believe from the evidence, beyond a reasonable doubt, that the defendant is guilty, *though you also believe it possible she is not guilty,* you should convict the defendant." (Emphasis added)

In *State v. Byers,* 159 W. Va. 596, 224 S.E.2d 726, 734 (1976), we declined to hold as reversible error language in a reasonable doubt instruction stating that "[t]he law does not require proof amounting to absolute certainty, nor proof beyond all possibility of mistake." We did however find other portions of the instruction to be erroneous.[2] We believe there is a considerable difference between telling jurors that proof beyond all possibility of mistake is

---

[2] The erroneous portion of the *Byers* instruction was:

" 'If, after having carefully and impartially heard and weighed all the evidence, you reach the conclusion that the *defendant is guilty with such degree of certainty that you would act upon the faith of it in your own most important and critical affairs,* then the evidence is sufficient to warrant a verdict of guilty.' (emphasis added)" *State v. Byers,* 159 W. Va. 596, 224 S.E.2d 726, 734 (1976).

not required to satisfy the reasonable doubt standard and telling them they can convict even if they believe it possible that the defendant is not guilty.

State's Instruction No. 13 stated:

"The Court instructs the jury that the accused is presumed to be innocent and that such presumption goes with him through all stages of the trial until the State, upon which the burden of proof rests, has shown beyond a reasonable doubt that the defendant is guilty. A doubt engendered by sympathy or by a dislike to accept the responsibility of convicting the defendant is not a reasonable doubt. The law does not require proof amounting to absolute certainty, nor proof beyond all possibility of mistake. *If, after having carefully and impartially heard and weighed all the evidence, you reach the conclusion that the defendant is guilty then it is your duty to so find.*" *Nelson v. Com.*, 153 Va. 909, 150 S.E. 407. (Emphasis added)

The citation at the bottom of this instruction indicates that it was taken from a Virginia case. However, the instruction analyzed in the Virginia case contained additional language in the italicized portion of the charge which served to set the beyond a reasonable doubt standard. *Nelson v. Commonwealth*, 153 Va. 909, 922, 150 S.E. 407, 411 (1929). Here, in the finding portion of the charge, the jury is merely instructed that if they find the defendant guilty it is their duty to so find. There is no reference in the finding portion of the charge to the reasonable doubt standard.

We conclude that where the State's instructions attempt to define reasonable doubt and such definitions are in substantial variance from customary reasonable doubt language so that the jury may well have convicted on a lesser standard of proof, such instructions will constitute reversible error.[3] *State v. Byers, supra.* We further find

---

[3] In Note 9 of *State v. Goff*, ____ W. Va. ____, 272 S.E.2d 457, 463 (1980), we offered a standard instruction on the presumption of innocence and burden of proof.

that the State's instructions in this case substantially vary from customary reasonable doubt language and invite the jury to convict on a lesser standard of proof than the customary beyond a reasonable doubt theory and therefore constitute reversible error.

For the foregoing reasons, the judgment of the Circuit Court of Webster County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*