STATE OF WEST VIRGINIA

*v.*

GEORGE WINFORD MCCOURT

(No. 14300)

Decided November 10, 1981.

*Cooper & Martin and Joseph R. Martin* for plaintiff.

*Chauncey H. Browning,* Attorney General, and *S. Clark Woodroe,* Assistant Attorney General, for defendant.

PER CURIAM:

George Winford McCourt appeals from a final order of the circuit court sentencing him to one to ten years in the state penitentiary upon a conviction of grand larceny.

McCourt's principal assignment of error relied on for reversal is that the trial court, over his objections, gave instructions on behalf of the State erroneously defining the concept of proof beyond a reasonable doubt. He also contends the trial court erred in refusing to permit cross-examination of the State's witnesses as to the facts and circumstances surrounding the pretrial identification of the defendant from a photo array; in refusing to admit the photo array in evidence; in giving a standard instruction concerning circumstantial evidence; and in refusing to compel the State to reveal the identity of a confidential informant. We conclude that McCourt's conviction must be reversed because two erroneous instructions on the meaning of proof beyond a reasonable doubt were given.

This case falls within the rule established in syllabus point 2 of *State v. Keffer,* ___ W.Va. ___, 281 S.E.2d 495 (1981):

> "Where the State's instructions attempt to define reasonable doubt and such definitions are in substantial variance from customary reasonable doubt language so that the jury may well have convicted on a lesser standard of proof, such instructions will constitute reversible error."

Over McCourt's objections, the trial court gave State's Instructions Nos. 3 and 5 which read, respectively, as follows:

"The Court instructs the jury that to prove beyond a reasonable doubt does not mean that the State must make the proof by an eye witness or to a positive and absolute certainty. This measure of proof is not required in any case. *If, from all the evidence, the jury only believe it is possible, or that it may be, or that perhaps the Defendant is not guilty, this degree of uncertainty alone would not amount to such a reasonable doubt as to entitle the Defendant to an acquittal.* All that is required for a conviction is that the jury should believe from all the evidence beyond a reasonable doubt that the Defendant is guilty." (Emphasis added).

\* \* \*

"The Court instructs the jury that the accused is presumed to be innocent and that such presumption goes with him through all the stages of the trial until the State, upon which the burden of proof rests, has shown beyond a reasonable doubt, that the Defendant is guilty. A doubt engendered by sympathy or by a dislike to accept the responsibility of convicting the Defendant is not a reasonable doubt. The law does not require proof amounting to an absolute certainty, nor proof beyond all possibility of mistake. *If, after having carefully and impartially heard and weighed all the evidence, you reach the conclusion that the Defendant is guilty with such degree of certainty that you would act upon the faith of it in your own most important and critical affairs, then the evidence is sufficient to warrant a verdict of guilty.*" (Emphasis added).

This Court considered an instruction identical to State's Instruction No. 3 in *State v. Starr,* 158 W.Va. 905, 216 S.E.2d 242 (1975). In that case we reversed the conviction on the grounds that the prosecuting attorney misstated the law in closing argument. The Court, nonetheless, considered it necessary to comment on some of the State's instructions which were given at trial. The then Chief Justice Haden, writing for a unanimous court, stated that instructions of the type complained of here are "strongly discouraged, because they certainly confuse the jury as to the meaning of reasonable doubt and may, by themselves,

be prejudicial to the defendant for the obvious reason that a jury is invited to convict on a lesser standard of proof." 216 S.E.2d at 247.

This type of instruction tells the jury that they may convict the defendant even if they think it's possible that the defendant is not guilty. This language is overly broad and erroneous. In a given case the possibility that the defendant may be innocent may constitute a reasonable doubt, in which case, of course, the jury cannot convict because due process of law requires proof beyond a reasonable doubt.

The second instruction, State Instruction No. 5, set forth above, contains language which was condemned in *State v. Byers*, 159 W.Va. 596, 224 S.E.2d 726 (1976). Byers held that giving the italicized portion of that instruction constituted reversible error because it permitted the jurors to impose a personal standard as to whether the defendant was guilty beyond a reasonable doubt rather than defining a common standard to be accepted by each juror.

As the foregoing discussion demonstrates, this case clearly comes within the holding in *Keffer*. Here the State's instructions reasonable doubt were worded in language varying substantially from customary formulations, such that the jury was invited to, and may well have convicted on, a lesser standard of proof. Therefore, the conviction must be reversed.*

---

\* Although not urged as error, instructions like State's Instruction No. 9 should not be given. It reads:

"The Court instructs the jury that if they believe from the evidence in this case, beyond all reasonable doubt, that the defendant broke and entered the dwelling house of Earle Morrison, Jr. in the daytime, as charged in the indictment, and was guilty of larceny therein, then he is presumed to have broken and entered said dwelling house with the intent to commit larceny therein, and unless this presumption in negatived to the satisfaction of the jury, then they should find the defendant guilty."
The instruction is constitutionally infirm because it supplies by presumption a material element of both the crime of burglary and breaking and entering, namely that the breaking and entering was

As to McCourt's other contentions, we find the trial court did not err in giving a standard circumstantial evidence instruction in this case. Nor was there any error in refusing to require the government to disclose the name of the informant whose information led to McCourt's arrest. West Virginia follows the common law rule that accords a privilege to the government against the disclosure of the identity of an informant who has furnished information to law enforcement officers concerning violations of the law. Syl. pt. 1, *State v. Haverty*, ____ W.Va. ____, 267 S.E.2d 727 (1980). Although we recognized in *Haverty* that disclosure of the informant's identity may be required where a defendant's case could be jeopardized by nondisclosure, the circumstances of this case do not demonstrate that McCourt's defense would have been aided by disclosure or that disclosure was necessary to ensure a fair trial.

Finally, we conclude that McCourt was not denied his right to cross-examine the witnesses against him relative to the pretrial identification made of him from a photo array. We recognized in *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978), that a trial court must conduct an *in camera* hearing on the admissibility of an in-court identification when it is challenged on the ground that is tainted by unconstitutional pretrial identification procedures. In the second syllabus of *Pratt*, this Court held that the defendant must be allowed to examine any photographic display used to identify him to determine whether it is improperly suggestive. We reasoned that the trial court's refusal to permit the examination of the photographic array "denied him the right to effectively cross-examine the officers on the procedure used", and noted that "[o]therwise there could never be effective cross-examination." 244 S.E.2d at 235.

---

done with the intent to commit a felony or any larceny therein. The instruction is also defective because it requires the defendant to overcome the presumption thus shifting the burden of proof to the defendant. *State v. McCormick*, ____ W.Va. ____, 277 S.E.2d 629, 632 (1981); Syl., *State v. O'Connell*, 163 W.Va. 366, 256 S.E.2d 429 (1979); Syl. pt. 4, *State v. Pendry*, 159 W.Va. 738, 227 S.E.2d 210 (1976).

A defendant as a matter of trial strategy is entitled to test the credibility of an identifying witness by cross-examination on the suggestiveness of pretrial identification procedures and a total prohibition of cross-examination on the facts surrounding a pretrial identification may constitute a denial of due process and a denial of a fair trial. *See* e.g., *People v. Balsano*, 51 A.D.2d 130, 380 N.Y.S.2d 129 (1976); *Klein v. State*, 511 P.2d 1109 (Okla.Crim. 1973); *Davis v. State*, 467 P.2d 521 (Okla.Crim. 1970); *Pearson v. United States*, 389 F.2d 684 (5th Cir. 1968). McCourt's cross-examination, however, was not completely foreclosed on this issue.

McCourt's attorney, for example, was permitted to use the photographs in cross-examining the only witness who identified him at the scene of the crime concerning the suggestiveness of the photo array. His attorney was thus able to get before the jury the evidence on the suggestiveness of the photo array. Hence, McCourt was able to challenge the accuracy of the eyewitness identification – a question of fact for the jury – and no error was committed. As to the trial court's refusal to permit the introduction of the photo array, no decisional law is cited in support of McCourt's position and, in view of the manner in which his counsel proceeded at trial to establish its admissibility, we find no abuse of discretion. Moreover, considering all the circumstances of this case, any error in not admitting the photographic array was harmless and did not affect the substantial rights of the defendant.

For the foregoing reasons, the judgment is reversed and the case is remanded for a new trial.

*Reversed and Remanded.*