STATE OF WEST VIRGINIA

*v.*

JOHN DUNCAN, JR.

(No. 14984)

Decided November 10, 1981.

*John R. Mitchell and Charles E. Pettry, Jr.*, for appellant.

*Chauncey H. Browning*, Attorney General, *and Janet Frye Steele*, Assistant Attorney General, for appellee.

PER CURIAM:

John Duncan, Jr., appeals his conviction of second degree murder contending that the trial court committed

reversible error under *State v. Kirtley*, 162 W.Va. 249, 252 S.E.2d 374 (1978) by giving an instruction on behalf of the state that placed the burden on Duncan to prove by a preponderance of the evidence that he acted in self-defense. He also contends there was other instructional error in the case and that the trial court committed error in refusing to admit certain evidence bearing on whether he acted in self-defense.

The State confesses error on the first assignment of error and concedes that Duncan's conviction must be reversed under *Kirtley*. As to Duncan's other assignments of error, the State contends the trial court committed no error. We agree that Duncan's conviction must be reversed under our holding in *Kirtley*. We find no error in regard to Duncan's evidentiary point and need not consider his other claim of instructional error in view of our disposition of his first assignment of error.

The rule followed in the federal courts and in a substantial majority of state jurisdictions places the burden on the prosecution to prove beyond a reasonable doubt that a defendant did not act in self-defense where the evidence in the case is sufficient to create a reasonable doubt as to whether the defendant acted in self-defense. This Court in *Kirtley* recognized and adopted this rule holding in the fourth syllabus:

> "Once there is sufficient evidence to create a reasonable doubt that the killing resulted from the defendant acting in self-defense, the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense."

The conviction in *Kirtley* was reversed because a self-defense instruction was given which improperly placed the burden on the defendant to prove by a preponderance of the evidence that he acted in self-defense. The instruction given in Duncan's case contains the same defect condemned in *Kirtley*, the error was preserved by a specific and timely objection, and, therefore, his conviction must be reversed. State's Instruction No. 7 as given by the trial court reads as follows:

"The Court instructs the jury that were [sic] a homicide is proven by the use of a deadly weapon, and a plea of self-defense is relied upon, the burden of proving such defense rests upon the defendant, by a preponderance of the evidence, the facts and circumstances showing such defense must be established and proven to the satisfaction of the jury. And in deciding whether or not such defense has been established the jury should consider all the evidence and circumstances in the case, that for the State as well as the defendant."

Duncan's trial occurred some eleven months following the *Kirtley* decision and, therefore, we are not concerned with a retroactivity question. *See State v. Gangwer,* ___ W.Va.___, 283 S.E.2d839 (1981). We are of the opinion that there was sufficient evidence of self-defense present in Duncan's trial to warrant an instruction requiring the State prove beyond a reasonable doubt that he did not act in self-defense. Because this case may be retried, it should be pointed out that in Note 8 of *Kirtley* we quoted with approval the standard self-defense instruction used in federal criminal trials.

Duncan's second assignment of error is that the trial court erred in not admitting certain testimony bearing on his self-defense claim. We find no merit to this contention. The trial court permitted Duncan to fully develop the point about which he complains, and the additional testimony he sought to introduce was merely cumulative.

Duncan's final contention is that State's Instruction No. 3, which defines what constitutes proof beyond a reasonable doubt, is erroneous because it is binding and requires the jury to convict. State's Instruction No. 3 reads as follows:

"The Court instructs the jury that while the defendant is entitled to the benefit of every reasonable doubt, he is not entitled to anything more. A reasonable doubt does not mean a vague, fanciful or imaginary doubt. It means doubt based on reason – a doubt for which a reason can be given. *Unless the [sic] kind of doubt is entertained by you*

*in regard to the guilt of the defendant, you shall find him guilty.* Reasonable doubt must arise from candid and impartial consideration of all the evidence in the case. A reasonable doubt is such that, were the same kind of doubt interposed in the graver transactions of life, it would cause a reasonable and prudent man to hesitate and pause. Proof beyond a reasonable doubt does not necessarily mean proof without contradiction or without conflict. Everything relating to human affairs and depending on oral evidence is open to some possible or imaginary doubt. If, after considering all the evidence in the case, you can say that you have an abiding conviction of the truth of the charge made under the indictment, then you are satisfied beyond a reasonable doubt and should find the defendant guilty." (Emphasis supplied).

This Court in a recent decision reiterated our longstanding rule discouraging the giving of instructions attempting to define or explain what constitutes reasonable doubt which are framed in language at variance with traditional formulations. *State v. Keffer,* ___ W.Va. ___, 281 S.E.2d 495 (1981). Because Duncan's conviction must be reversed on another ground, it is unnecessary for us to determine whether State's Instruction No. 3 is erroneous. We do, however, note that the instruction as tendered by the State neither contains a reference as to the source of the instruction nor any citation to a case approving such an instruction. We would also observe that the defendant offered, and the trial court gave, several instructions bearing on the meaning of the reasonable doubt standard. Since this case may be retried, it should be noted that this Court in Note 9 of *State v. Goff,* ___ W. Va. ___, 272 S.E.2d 457, 463 (1980) offered a standard instruction on the presumption of innocence, the burden of proof, and the meaning of beyond a reasonable doubt.

For the foregoing reasons, the judgment of the Circuit Court of Logan County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*