STATE OF WEST VIRGINIA

*v.*

RALPH E. STARR

(No. 13483)

Decided June 24, 1975.

*Steptoe & Johnson, Robert M. Steptoe, Jr.,* for plaintiff in error.

*Chauncey H. Browning, Jr., Attorney General, Richard E. Hardison, Deputy Attorney General, David P. Cleek, Assistant Attorney General,* for defendant in error.

HADEN, CHIEF JUSTICE:

This is an appeal and supersedeas granted on the petition of Ralph E. Starr who was convicted in the Circuit Court of Harrison County for being an accessory before the fact to the crime of robbery by force. *See, W. Va. Code* 1931, 61-11-7.

On the evening of June 8, 1972, two masked men forced the manager of the Garden Fresh Market in Shinnston into his car at gunpoint and made him drive out to a country road where they robbed him. Earlier, several State and local police officers had placed the area under surveillance, after receiving a tip that a crime would be committed at the market. The police

observed Ralph Starr drive past the market several times during the "stake-out." Then Starr was seen to drive into the market's parking area and let out the two men who, shortly thereafter, masked themselves, abducted the store manager and drove off in the manager's vehicle.

The police attempted to follow the store manager's car and to apprehend the robbers, but lost them in traffic. While traveling nearby side roads in search of the vehicle carrying the manager and his abductors, the officers came upon Starr in his automobile. They stopped and arrested him. The unidentified robbers, however, were never found.

At trial, the manager also was unable to identify the robbers and acknowledged, in response to questioning, that the robbers said nothing which would indicate they had an accomplice or that they were to be picked up by a "getaway" car. No other testimony of the manager implicated Starr in the robbery. The defendant testified that the identity of the robbers was unknown to him; that the occasion for their presence with him at the time and place of the crime was that they were hitchhiking; that they had accompanied him from Clarksburg to Shinnston; and that they had exited his car when he stopped to phone his wife at a pay-telephone at the Garden Fresh Market lot. Starr denied any knowledge of the two men's intentions to rob the store manager. In the State's case in chief, however, an incriminating statement made by the defendant after arrest was admitted over Starr's objection. Therein the defendant responded to a question concerning the whereabouts of the robbers with the rejoinder that "he was to meet his friends back at the store to get this money." On this appeal, Starr assails both the validity and voluntariness of that statement.

From the foregoing it is apparent that Ralph Starr's conviction was based primarily on circumstantial evidence. That alone, however, furnishes no basis for reversal of the judgment against him.

In his petition the appellant asserts that he was prejudiced because the trial court erred: (1) in permitting the prosecutor to argue that the State, in order to obtain a conviction, was not required to prove that the defendant knowingly aided and abetted the commission of an armed robbery; (2) in confusing the jury by giving two State instructions which attempted to define "beyond a reasonable doubt;" and (3) in refusing to give one of defendant's instructions which stated that criminal intent is an essential element of the crime of being an accessory before the fact.

Pertinent to the first assignment of error, the defense attorney had stated in his final argument:

> "That is not the question, the question is whether he intended to aid them or whether he knew he was aiding them.... Ralph isn't charged with aiding and abetting, he is charged with knowingly aiding and abetting, intentionally aiding and abetting and the evidence must show this intent and this knowledge."

The prosecutor in rebuttal explained to the jury:

> "I think that Counsel for the Defense is somewhat confused when he speaks to you about the charge in the indictment. There is no charge of knowingly aiding and abetting. We don't have to show that Ralph Starr knew what he was doing, because that is not a part of the indictment ... [Objection; no ruling indicated] We have to show what the facts are. We don't have to show by our evidence that Starr knew what he was doing. We have to show what Starr did, what the evidence was and the result of that and from then on, is he guilty or innocent?"

It is indisputable that knowledge is an essential element of the crime charged. The element of knowledge is implicit in every circumstance defining the crime:

> "An accessory before the fact is a person who being absent at the time and place of the crime, procures, counsels, commands, incites, assists or

abets another person to commit the crime...."
Part *syllabus* point 2., *State ex rel. Brown v. Thompson*, 149 W. Va. 649, 142 S.E.2d 711 (1965).

In fact, the State concedes in its brief that a person may not be punished as an accessory before the fact, if it is not shown that the criminal act was done knowingly. The Attorney General contends, however, that the purport of the prosecutor's closing argument was to tell the jury that they could infer knowledge on defendant's behalf from other evidence. If such was the prosecutor's intent, it certainly was not stated clearly.

The State further argues that the jury was well aware of the knowledge requirement, because three instructions given by the court included this requirement; that the jury cannot be presumed to have disregarded these instructions; and that, assuming the prosecutor's remarks were improper, there was no indication that the jury was misled or confused or that such error contributed to the conviction, citing *State v. Britton*, W. Va., 203 S.E.2d 462 (1974). The *Britton* decision does not sustain the State's position. That case merely recognized the rule of harmless constitutional error, but applied the standard that the State must show that such error was harmless beyond a reasonable doubt or that there was no reasonable possibility that the error complained of might have contributed to the conviction. The principle applied in *Britton* has no application to the error assigned here.

There are many West Virginia cases dealing with improper remarks or conduct of a prosecuting attorney. *See, e.g.: State v. Bowman*, W. Va., 184 S.E.2d 314 (1971); *State v. Gory*, 142 W. Va. 5, 93 S.E.2d 494 (1956); *State v. Loveless*, 140 W. Va. 875, 87 S.E.2d 273 (1955); *State v. Lewis*, 133 W. Va. 584, 57 S.E.2d 513 (1949); *State v. Simon*, 132 W. Va. 322, 52 S.E.2d 725 (1949); *State v. Cutlip*, 131 W. Va. 141, 46 S.E.2d 454 (1948); *State v. Taylor*, 130 W. Va. 74, 42 S.E.2d 549 (1947); *State v. Beacraft*, 126 W. Va. 895, 30 S.E.2d 541 (1944); *State v. Seckman*, 124 W. Va. 740, 22 S.E.2d 374 (1942); *State v. Cook*,

94 W. Va. 166, 117 S.E. 777 (1923); *State v. Huff*, 80 W. Va. 468, 92 S.E. 681 (1917); *State v. Jarrell*, 76 W. Va. 263, 85 S. E. 525 (1915); *State v. Mooney and Friday*, 49 W. Va. 712, 39 S.E. 657 (1901); *State v. Shawn*, 40 W. Va. 1, 20 S.E. 873 (1894); *State v. Shores*, 31 W. Va. 491, 7 S.E. 413 (1888). None, however, directly concern a prosecutor's misstatement of the law in closing argument which occurs after the trial court has properly charged the jury on the legal principles applicable to the case. This is the problem at issue.

The general principles applicable to the situation are broadly stated in 23A C.J.S. *Criminal Law* § 1110 (1961):

> "*Misstating law.* It is error, or at least improper, for the prosecuting attorney in his argument to misstate the law applicable to the case, and the court may at any time interrupt counsel to correct his statement of the law or may do so in the charge. However, as long as the prosecuting attorney's argument is not contrary to the instructions given by the court, he is not bound to reach correct or sound conclusions as to the law; and, in the absence of prejudice to the accused, the fact that the prosecuting attorney argues an erroneous proposition of law is not such error as to warrant a reversal." *Id.* at 219-20.

As indicated by the textual statement, the test for error is whether the misstatements were prejudicial to the accused. See and compare: *State v. Bail*, 140 W. Va. 680, 88 S.E.2d 634 (1955); *State v. Lewis*, 133 W. Va. 584, 57 S.E.2d 513 (1949).

A Virginia decision has addressed the issue. In *Cox v. Commonwealth*, 140 Va. 513, 125 S.E. 139 (1924), that court held that it was "highly prejudicial" error for the prosecutor to misstate the law in argument, to-wit: that if the accused, knowing that liquor was on another's adjoining property, did not report the fact to the proper authorities, he was *particeps criminis* to the crime of unlawfully keeping and storing "ardent" spirits. *Id.* at 141 of the Southeastern Reporter.

In this case, based as it is upon circumstantial evidence, it is difficult to imagine any argument more prejudicial to one accused of being an accessory before the fact than the one advanced: that the State does not have to show knowledge on Starr's part in order to prove the case against him. Although the element of Starr's knowledge was a proper inference for the jury to draw from the circumstances demonstrated by the State's proof, it was obvious error for the prosecutor to rebut defense counsel's argument by misstating that the law does not require that an accessory before the fact have knowledge of the crime intended.

The trial court possibly could have cured the error if the judge had responded to counsel's objection with a strongly-worded corrective statement. That court chose to ignore the error by silence. We cannot; the conviction must be reversed.

As to the defendant's second contention that the trial court erred in giving two State instructions, this Court has indicated, on numerous occasions its disenchantment with the practice of instructing the jury on the meaning of reasonable doubt. *State v. Young*, 134 W. Va. 771, 61 S.E.2d 734 (1950); *State v. Summerville*, 112 W. Va. 398, 164 S.E. 508 (1932); *State v. Sprigg*, 103 W. Va. 404, 137 S.E. 746 (1927); *State V. McDermott*, 99 W. Va. 220, 128 S.E. 108 (1925); *State v. Zink*, 98 W. Va. 340, 128 S.E. 114 (1925); *State v. Powers*, 91 W. Va. 737, 113 S.E. 912 (1922); *State v. Worley*, 82 W. Va. 350, 96 S.E. 56 (1918). Moreover, in *State v. Worley, supra,* the Court stated that "[a]ny attempted definition of terms of such common use and self-evident meaning as 'reasonable doubt' is more apt . . . to confuse rather than enlighten a jury, . . ." *Id.* at 356. Yet, the Court further explained in *State v. McDermott, supra,* that "While the court has discouraged the giving of instructions attempting to define reasonable doubt, it has never gone to the extent of reversing a case for that reason alone. The ordinary juror is capable of determining if a doubt which arises is a reasonable one." *Id.* at 222.

Since we have already determined the prosecutor's misstatement of law to be grounds for reversal, we need not rule directly on these instructions, but comment we shall. A charge, such as State's Instruction No. 3.,

> "The Court instructs the jury that proof beyond a reasonable doubt does not necessarily mean proof without contradiction or without conflict, but, if after considering all the evidence and circumstances produced in the case, the jury can say that they have an abiding conviction of the truth of the charge contained in the indictment, then they are satisfied beyond a reasonable doubt and should find the defendant guilty."

seems fairly innocuous, but it most likely confuses, rather than helps, the jury in its tasks. Instructions, like State's Instruction No. 4.,

> "The Court instructs the jury that to prove beyond a resonable doubt does not mean that the State must make the proof by an eye witness or to a positive and absolute certainty. This measure of proof is not required in any case. *If from all the evidence, the jury only believe it is possible, or that it may be,* or that perhaps *the defendant is not guilty, this degree of uncertainty alone would not amount to such a reasonable doubt as to entitle the defendant to an acquittal.* All that is required for a conviction is that the jury should believe from the evidence beyond a reasonable doubt that the defendant is guilty." (Emphasis supplied).

are strongly discouraged, because they certainly confuse the jury as to the meaning of reasonable doubt and may by themselves be prejudicial to the defendant for the obvious reason that the jury is invited to convict on a lesser standard of proof.

The third and final assignment of error contained in appellant's petition concerns his proffered, but refused, Instruction No. 15. on "shared" criminal intent. It reads as follows:

> "The Court instructs the jury that to constitute an aider and abettor, it is essential that the

> aider and abettor should share the criminal intent of the party who committed the offense."

Ralph Starr was indicted and tried for the crime of being an accessory before the fact to robbery by force; he was not charged and tried for the crime of aiding and abetting. *See, State ex rel. Brown v. Thompson,* 149 W. Va. 649, 142 S.E.2d 711 (1965) for a detailed explanation of the significant distinction between the two crimes: absence versus presence at the perpetration. In its abbreviated form, the proffered instruction was properly refused because it did not relate to the evidence adduced and did not delineate the distinctive elements of the crime charged. Compare *State v. Bennett,* 157 W. Va. 702, 203 S.E.2d 699 (1974). Proffered instructions which do not correctly state the law, which are at variance with the charge of the indictment, which are not supported by the evidence, or which are abstract, are erroneous and should be refused. *State v. Collins,* 154 W. Va. 771, 180 S.E.2d 54 (1971); *State v. Morris,* 142 W. Va. 303, 95 S.E.2d 401 (1956).

At the time the appellant's initial brief was filed, the record did not include a full transcript of the trial of the case. As designated by the appellant, it contained only the closing arguments and certain of the instructions. Prior to filing its brief, however, the State was permitted to expand the record to include a transcript of the evidence presented and the balance of all proceedings had at the trial. In its brief, the State liberally quoted and relied upon this supplemental record. In return, the appellant advanced and assigned additional grounds for reversal in his reply brief. Appellant's counsel argues that this procedural irregularity is justified by the State's failure to comply with Rule IV, Section 4, *Rules of Practice in the Supreme Court of Appeals*:

> "Within fourteen days after service of the designation of appellant, counsel for appellee may file with the clerk a designation of additional parts of the record which he considers material to the questions presented upon the appeal."

Yet, as suggested by the State, the defendant's attempt to raise issues for the first time in his reply brief is directly prohibited by Rule VI, Section 2 of the *Supreme Court Rules, supra*:

> ". . . No alleged error or point, not set forth in the brief, shall be raised afterwards, either by reply brief, or in oral or printed argument, or on petition for rehearing, but the court, at its option may notice a plain error not assigned or specified."

Although this Court sympathizes with counsel's position, we are compelled, nevertheless, to observe the policy of Rule VI, Section 2. This rule, however, permits us to notice plain error. One such error, involving the fundamental right of an accused not being compelled to give testimony against interest in a criminal matter, was brought to our attention by appellant's supplemental assignments. This Court recently recognized and applied the "plain error" rule in this context in *State v. Thomas*, W. Va., 203 S.E.2d 445 (1974):

> "However characterized, all courts when confronted with a situation involving the fundamental personal rights of an individual, have considered unassigned errors, if meritorious and prejudicial, as jurisdictional, or have noticed them as 'plain error.' In either event, the rule is fashioned and applied to meet the ends of justice or to prevent the invasion of or denial of fundamental rights." *Id.* at 457.

With cognizance of this rule, the supplemental record reveals that shortly after his arrest, Starr allegedly made an incriminating statement to the police. As previously noted, when the arresting officer asked "where his friends were", the defendant allegedly replied that "he was to meet his friends back at the store to get his money."

Whether this statement constitutes a confession or an admission is insignificant in light of this Court's recent holding in *State v. Smith*, W. Va., 212 S.E.2d 759 (1975):

"[I]n relation to the admissibility of statements made by one being interrogated by the police, ... no distinction can be drawn between statements which are direct confessions and statements which amount to admissions of part or all of an offense." *Id.* at 763.

In either event, it is the mandatory duty of the trial court to determine, out of the jury's presence, the voluntariness of incriminating statements made by the defendant, prior to admitting the same into evidence. *See, State v. Fortner*, 150 W. Va. 571, 148 S.E.2d 669 (1966), which followed the holding in *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L.Ed.2d 908 (1964) that a defendant has a "constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness ..." *Id.* at 376 of the United States Report.

Despite making some questionable remarks before temporarily dismissing the jury, the trial judge conducted a hearing on the voluntariness of Starr's statement before permitting the jury to hear the officer's version of it. At the close of the evidentiary hearing, the trial court concluded that there had "been a prima facie showing of the voluntariness of the statement made by the defendant, after he had been advised of his rights." While the use of the term *"prima facie"* may have been inadvertent, a *prima facie* requirement is clearly the wrong standard of proof to be applied.

Until recently, it was not clear what level of proof was required to sustain the voluntariness of a confession. In *State v. Brady* 104 W. Va. 523, 140 S.E. 546 (1927), the Court first stated that the State has the burden of showing "to the satisfaction of the court" facts justifying admission, *id.* at 530, and this general language was adopted as the apparent standard. *See, State v. Fortner, supra; State v. Vance*, 146 W. Va. 925, 124 S.E.2d 252 (1962); and *State v. Bruner*, 143 W. Va. 755, 105 S.E.2d 140 (1958); but compare, *State v. Zaccario*, 100 W. Va. 36, 129 S.E. 763 (1925).

Yet, this Court in *State v. Plantz*, 155 W. Va. 24, 180 S.E.2d 614 (1971) appeared to adopt a more commonly understood standard:

> "That the confession of the defendant was voluntary was shown to the satisfaction of the court and *by a preponderance of the evidence* and the action of the court in permitting it to be considered by the jury upon the trial of the case was correct and proper." *Id.* at 622 of the Southeastern Reporter. (Emphasis supplied).

Shortly after the *Plantz* decision, the United States Supreme Court removed any doubts as to the minimum degree of proof necessary to show voluntariness. In *Lego v. Twomey*, 404 U.S. 477, 92 S. Ct. 619, 30 L.Ed.2d 618 (1972), the Court held that:

> "... the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary. Of course, the States are free, pursuant to their own law, to adopt a higher standard." *Id.* at 489.

Thus, in view of the language employed in *State v. Plantz, supra,* and the minimum standard established in *Lego v. Twomey, supra,* it is clear that West Virginia requires the State to prove by a preponderance of the evidence that a confession or admission was voluntarily given.

This Court has recognized, and still does, that a trial court has wide discretion as respects the admissibility of confessions and that this discretion, ordinarily, will not be disturbed on review. *State v. Vance, supra; State v. Mayle,* 108 W. Va. 681, 152 S.E. 633 (1939); *State v. Brady, supra.* However, a trial court's discretion does not include applying an improper standard of proof. When the trial court required a mere *prima facie* showing, it committed reversible error. This Court acknowledges this unassigned, but plain, error in order to guarantee the defendant his fundamental right to a proper hearing on the voluntariness of his statement. *See, Jackson v. Denno, supra.*

The judgment is reversed, the defendant is awarded a new trial and the cause is remanded to the Circuit Court of Harrison County for retrial in accordance with the principles expressed in this opinion.

*Reversed and remanded.*