STATE OF WEST VIRGINIA

*v.*

BAYARD L. CONRAD

(No. 14755)

Decided July 29, 1981.

*Milford L. Gibson, Wallace, Ross* and *Gibson,* for appellant.

*Chauncey H. Browning,* Attorney General, *Joseph C. Cometti,* Assistant Attorney General, for appellee.

PER CURIAM:

Bayard L. Conrad appeals from a Circuit Court of Randolph County final judgment which denied his motion to set aside the verdict and grant a new trial and sentenced him to five to eighteen years in the penitentiary after a jury found him guilty of second degree murder.

The appellant assigns as error the failure of the circuit court to grant his pretrial motion for bond reduction. Following the trial court's refusal to reduce bond the matter should have been brought to this Court via a habeas corpus for bond reduction. The issue is now moot.

The appellant contends the trial court committed reversible error by not permitting the defense to introduce evidence of "prior actions and offenses committed by the victim prior to the date charged in the indictment."

We have recognized that, in some circumstances, certain evidence of this type is admissible in support of a plea of self-defense to a homicide charge to show the defendant's state of mind. *State v. Dozier,* 163 W.Va 192, 255 S.E.2d 522 (1979). Unfortunately, the appellant's brief contains no annotations to the record which would specifically indicate what matters are the subject of this assignment of error. Our review of the record discloses only three instances which could conceivably relate to this assignment of error. These instances do not represent a coherent theory of defense, but rather constitute a series of unconnected, unspecific pieces of testimony of questionable relevance. No sufficient attempt was made to inform the trial court of the purpose of these evidentiary offers and when objections

were sustained to the matters no offers of proof were made. The record contains neither the rejected evidence nor a summary of what it would have shown. Absent proper offers of proof this Court is unable to ascertain exactly what the rejected evidence was or what it would have proved, and we are therefore unable to conclude whether the trial court's rejection of it was proper or if the rejection was improper what possible prejudice might have resulted to the defendant.

The appellant next assigns as error, but fails to argue, the failure of the trial court to grant defendant's motion for acquittal notwithstanding the verdict and the failure of the trial court to grant defendant's motion for a mistrial. Absent plain error, which we do not find, or proper argument these assignments will not be considered.

Appellant contends the trial court erred in refusing Defendant's Instructions 1B and 6. This assignment of error is not argued and furthermore the record does not contain a copy of the rejected instructions.

The appellant contends that the trial court erred in giving State's Instruction No. 7 defining reasonable doubt.* The appellant contends this instruction should not have been given because it is abstract, does not relate to the offense involved, and is not a correct statement of law. Any instruction defining reasonable doubt will of necessity be an abstract statement and abstractness alone will not invalidate such an instruction unless it is so abstract as to be confusing. We do not believe State's Instruction No. 7 is confusing. Instructions defining reasonable doubt will not by their nature relate to the specific offense involved and their failure to do so does not render them defective. We do not agree with appellant's contention that this instruction is an incorrect statement of law. While we have attempted

---

* "The Court instructs the Jury that proof beyond a reasonable doubt does not necessarily mean proof without contradiction or conflict, but if after considering all the evidence and circumstances produced in the case, the Jury can say that they have an abiding conviction of the truth of the charge contained in the indictment, then they are satisfied beyond a reasonable doubt, and should find the Defendant guilty."

to discourage a proliferation of reasonable doubt instructions because of the possibility of confusion, we have not held this particular instruction to be fatally defective, *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975) and in this case the giving of this instruction is not ground for reversal of the final judgment.

The appellant contends the trial court erred in giving State's Instruction No. 4 defining first degree murder. The appellant contends the instruction is an incorrect statement of law because it fails to state malice as a necessary element of first degree murder. Any such deficiency is cured by reading the instructions as a whole, particularly State's Instruction No. 1 which contains a full and correct statement of the elements of first degree murder.

Although failing to make a proper assignment of error on this point, appellant's brief attempts to state a complaint that because there was insufficient evidence of malice the trial court erred in failing to direct a verdict on the murder charges, and that furthermore certain instructions were improper because of the absence of any evidence of malice.

The standard by which sufficiency of evidence claims is judged in criminal cases is found in Syllabus Point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978):

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the State's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

Viewing the evidence of this case in light of this standard reveals the following matters. Prior to the shooting, the appellant threatened the victim with a hammer and with a shotgun. Two eyewitnesses testified to having seen the appellant exit the building with a high-powered rifle in hand, turn toward the victim and without saying anything

raise the rifle and shoot the victim. Neither of these witnesses testified to a threatening act on the part of the victim. While this evidence which was favorable to the State, was in some respects contradicted, the jury was free to resolve these conflicts in favor of the evidence it found most credible. They obviously resolved the evidentiary conflicts in the State's favor. We conclude the State's evidence was not manifestly inadequate and was sufficient to allow the jury to infer that the defendant acted with malice. Accordingly, it was not error for the trial court to refuse to grant a directed verdict on the first and second degree murder charges, and it was not error for the trial court to instruct the jury on the first and second degree murder verdicts.

After the jury had deliberated for a period of time they requested further instructions by the court, and were brought back into the courtroom and given a supplementary charge. The appellant contends that the giving of this charge was error. The record does not contain a statement of this charge or any elaboration on the circumstances surrounding the giving of it. In absence of these matters this Court will not rule upon this point.

The appellant next complains that the court erred in denying him a copy of the presentence investigation report. First, we note the record reveals no timely request for such a report. The first request was made at the sentencing hearing. Second, the decision to place the appellant on probation was within the sound discretion of the trial court. The presentence report is not a part of this record and without it no conclusion can be reached as to whether the trial court abused its discretion. The appellant does not in fact claim an abuse of discretion but only cites the failure to provide the report as reversible error. Absent some showing the trial court abused its discretion we must conclude no reversible error was committed.

The appellant also asserts the trial court committed error when it denied him a copy of a diagnostic report done at Huttonsville Diagnostic Center. The record reveals no timely request for this report, the report is not a part of the

record, and on the record before us no prejudice appears as a result of the appellant's failure to secure it.

For the foregoing reasons the final judgment of the Circuit Court of Randolph County appealed from is affirmed.

*Affirmed.*