STATE OF WEST VIRGINIA

*v.*

ROLAND GREENLIEF

(No. 14668)

Decided December 17, 1981.

*Paul Nagy* for plaintiff-in-error.

*Chauncey H. Browning,* Attorney General, *Janet Frye Steele,* Assistant Attorney General, for defendant-in-error.

McGRAW, JUSTICE:

The appellant, Roland Greenlief, appeals from the final order of the Circuit Court of Gilmer County which adjudged him guilty, upon a jury verdict, on two counts of the crime of first degree sexual abuse in violation of *W. Va. Code* § 61-8B-6 (1977 Replacement Vol.), and sentenced him to a term of not less than one nor more than five years in the state penitentiary.

The appellant's assignments of error are: that the court erred in admitting certain photographs as evidence of the crime charged in the indictment; that the court erred in admitting certain hearsay evidence; that the court erred in giving two of the State's instructions; and finally, that the court erred in denying the defendant's motion for a directed verdict. Having carefully considered all of the errors alleged by the appellant, this Court holds that the conviction below was valid and affirms the judgment of the circuit court.[1]

The facts of this case show that in October, 1977, Roland Greenlief, together with his wife, Diana, and his two nieces who were sisters, resided in a one-story frame house in rural Gilmer County. At that time the older niece was eight years old and in the third grade. The other was six years old. The house in which these parties lived contained two rooms. Sleeping arrangements consisted of

---

[1] Since one of the grounds alleged goes to the case in its entirety, this Court will use the facts as developed by the State. *State v. Atkins,* 163 W. Va. 502, 261 S.E.2d 55, *cert. denied* 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1979).

the defendant and his wife occupying a double bed and the nieces sharing a roll-away bed in the same room.

Testimony submitted by the older niece indicated that on the night preceding October 21, 1977, the defendant got into the bed she shared with her sister, instructed her to be quiet, and placed his penis between her legs and into her vagina. The victim also indicated that the same incident had taken place a few nights prior to this occasion. The following morning at school the victim's teacher discovered that she was bruised in the area of her genitals and that she was bleeding from the area of her vagina with blood present on the crotch of her panties. The teacher took the victim to be examined by the school secretary who also noticed the bruises and bloodstain.

The teacher then called the Department of Welfare, which immediately dispatched a protective services worker to the school. The protective service worker took the victim and her sister to the Gilmer County Medical Center where they were examined by a doctor. Following this examination, the girls were taken by the protective services worker to a photographic studio belonging to a fellow social worker, who also practiced commercial photography, for the photographing of the injuries. Subsequent to the taking of pictures, the victim and her sister were placed in a foster home.

Prior to trial, counsel for the appellant moved twice to suppress the photographic evidence which consisted of three photos of the victim clothed in her panties but nothing else. These motions were denied by the court. The action proceeded to trial by jury on March 14, 1978, and on the same day the jury found the appellant guilty.

## I.

The first error which the appellant raises is that the trial court erred in admitting the photographs taken on the day after the offense as evidence of the crime charged in the indictment. The basic rule regarding admission of the photographs is found in syllabus point six of *State v. Sette*, 161 W. Va. 384, 242 S.E.2d 464 (1978):

> "While photographs may, as a general rule, be introduced in evidence to depict scenes material to some issue therein, whether a particular photograph, or groups of photographs, should be admitted in evidence, rests in the sound discretion of the trial court; and its rulings thereon will be upheld unless there is a clear showing that its discretion has been abused." Point 4, syllabus, *State v. Wooldridge*, 129 W. Va. 448, 40 S.E.2d 899 (1946).

In the instant case the trial court denied the appellant's motion to exclude these photographs prior to the trial, prior to opening arguments at the trial, and at the time of their admission. The trial court found that the probative value of the photographs, their ability to prove that the victim had blood on the crotch of her panties and bruises on her legs, outweighed whatever prejudicial qualities they might exhibit. This Court is unable to say that the trial court in so ruling abused its discretion.

The appellant argues that these photos prejudiced and influenced the jury and cites *State v. Clawson*, ___ W. Va. ___, 270 S.E.2d 659 (1980), in support thereof. The photographs here are clearly distinguishable from those admitted at Clawson's trial. In that case the photographs were not taken at the time of the offense but some three months later, after the bodies had decomposed and had been partially eaten by wild animals. *Id.* at 672. In the present action the photos were taken within twenty-four hours of the crime.

One example of when photographs are admissible may be found in *State v. Rowe*, 163 W. Va. 593, 259 S.E.2d 26 (1979). There this Court, after reviewing cases where photographs had been found admissible and where they had been excluded, advised that one photograph which contained a close-up picture of the defendant's bloody footprint on the victim's undershirt be admitted because it reinforced the testimony of the witness who testified that the print resembled that of the defendant. This Court noted, however, that prior to admission the close-up view of the contorted facial features of the victim found in that photograph be masked.

The photographs in the present action tastefully and professionally portray the external injuries of the victim. A review of the record without the photographs brings into question the size, location, and number of bruises suffered by the victim; the photographs answer this question quite well. It is thus clear that the probative value of these photographs outweighs any prejudice alleged by the defendant. The relief sought by the appellant on this ground is therefore denied.

## II.

Appellant's second argument is that the trial court erred in admitting certain items of testimony which were clearly hearsay. The State counters this by admitting that the items in question were hearsay, but also points out that the trial court explained to the jury that the items in question were hearsay but were admitted for some purpose other than the proof of the guilt of the accused.

First of all, the error, if any, which resulted from the trial court's admission of the first hearsay item was cured by later placing on the stand the secretary about whom the remarks in the objected to hearsay portion were made. The secretary testified firsthand to substantially the same conversation that the other witness had reported. *See, e.g., Schindel, v. Com.,* 219 Va. 814, 252 S.E.2d 302 (1979).

The next two items complained of consist of a witness testifying as to a conversation with the victim's six year old sister in which the young child answered that she was upset because her uncle, the defendant, had beaten her. The trial court explained very carefully on each occasion that the testimony was not admitted for the truth of the matter asserted, that is, it had no bearing on the guilt or innocence of the accused, but was admitted for the purpose of showing what the witness did.

The trial court succeeded in presenting the objectionable testimony in such a way that it was not hearsay at all. Hearsay has been defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

matter asserted." Fed.R.Evid. 801(c); *Anderson v. United States*, 417 U.S. 211, 219, 94 S.Ct. 2253, 2260, 41 L.Ed.2d 20 (1974). On the other hand, a statement is not hearsay when it is used only to prove that the prior statement was made and not used to prove the truth of that statement.[2]

In an early West Virginia case, this Court held that it was error to exclude the testimony of three witnesses who wanted to testify as to what was said in a telephone conversation. The Court stated that:

> "Where it becomes relevant to show that a certain statement or declaration was made, regardless of the truth or falsity of the statement or declaration itself, such proof is not hearsay and should be admitted. It is evidence of what, in some books, is termed a 'verbal fact.' "

Syllabus Point 4, *State v. Corbin*, 117 W. Va. 241, 186 S.E. 179 (1936).

The situation described in the instant action is very similar to that in *Corbin*. In this case the testimony was not to be introduced to show the truth of the matter asserted. It was offered merely to show why the witness had taken the sisters aside to examine them. This Court concludes that this testimony was not offered for the truth of the matter asserted, and is thus not hearsay. For this reason a majority of the Court holds that this objection by the defendant must be denied.

### III.

As to the defendant's third allegation that the State's giving of Instruction No. 8 was error, this ground must also be denied. The instruction objected to reads "[t]he court instructs the jury that there is *a permissible inference of fact* that a man intends that which he does, or which is the immediate and necessary consequence of his act." (Emphasis added.) This instruction varies from the

---

[2] *Anderson v. United States*, 417 U.S. at 220, n.8, states "[o]f course, evidence is not hearsay when it is used only to prove that a prior statement was made and not to prove the truth of the statement. [Citations omitted.]"

one condemned by this Court in *State v. O'Connell,* ___ W. Va. ___, 256 S.E.2d 429, 430 (1979), which instructed the jury that "a man is *presumed* to intend that which he does, or which is the immediate and necessary consequences of his act." (Emphasis added.)

In *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the United States Supreme Court struck down a state conviction which had utilized an instruction like that in *O'Connell, supra.* In discussing the problem with the use of the word "presume" in jury instructions, the Supreme Court said "[the jury] were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it. It is clear that a reasonable juror could easily have viewed such an instruction as mandatory." *Id.* at 515. In the instant action, however, the jury was told that there was "a permissible inference of fact" which was not mandatory or binding at all.

Further, and perhaps the most compelling, support for this resolution is found in the dictionary definition of these terms. "Presume" is defined as "to suppose to be true without proof." Webster's New Collegiate Dictionary 904 (1981). "Inference," on the other hand, is defined as "the act of passing from one proposition, statement, or judgment considered as true to another whose truth is believed to follow from that of the former." *Id.* at 585. The distinction between the two items is apparent, and the permissible inference instruction does not serve to shift any of the burden of proof to the defendant.

For the reasons stated above, the appellant's seeking of error on this ground must be denied.

## IV.

The fourth alleged ground of error is that the court erred in giving State's Instruction No. 3 over the defendant's objection. That instruction reads:

"The Court instructs the jury that if, after considering all the evidence, you have a fixed conviction of the truth of the charge, you are satisfied

> beyond a reasonable doubt, then it is your duty to convict the Defendant. The doubt which will justify an acquittal must be actual and substantial nor a mere possible doubt, because everything relating to human affairs and depending on oral evidence is open to some possible or imaginary doubt. If you believe from the evidence, beyond a reasonable doubt, that the Defendant is guilty, though you also believe it possible he is not guilty you should convict the Defendant."

This Court has discouraged this type of instruction for many years but we have not held it to be a ground for reversal. For example, in *State v. Starr*, 158 W. Va. 905, 216 S.E.2d 242 (1975), this Court specifically discouraged instructions which attempted to define reasonable doubt, but reversed that action on other grounds. Because a number of instructions were given for the defendant in this case which we believe cured the defect about which he here complains, we will not reverse on this ground.

This Court would like again to call the bar's attention to the most recent pronouncement on this issue in *State v. Goff*, ___ W. Va. ___, 272 S.E.2d 457 (1980), where we set forth a standard instruction covering this and other grounds. We did not in *Goff*, and will not in the current action, reverse on this ground. Those involved in criminal trials throughout the state must utilize the standard instructions which are set forth by this Court.

## V.

The defendant's final alleged error is that the court erred in denying his motion for a directed verdict of acquittal for the reason that the State had not proven, beyond a reasonable doubt, all elements of the crime charged in the indictment.

The elements of the offense to which the defendant was found guilty are (1) that he being fourteen years or more old (2) subjects another person to sexual contact who is incapable of consent because she is less than eleven years old. *W. Va. Code* § 61-8B-6 (1977 Replacement Vol.). Sexual contact is defined as "any touching of the anus or any part

of the sex organs of another person . . . where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party." *Id.* § 61-8B-1(6).

The question here is "whether there is substantial evidence upon which a jury might justifiably find the defendant guilty beyond a reasonable doubt." *State v. Demastus,* ___ W. Va. ___, 270 S.E.2d 649, 657 (1980), *quoting State v. West,* 153 W. Va. 325, 333-34, 168 S.E.2d 716, 721 (1969). A thorough review of the records submitted with this action would indicate that the State had met this burden of proving each element at the trial, and therefore, this fifth error must be denied.

For the reasons set forth above the judgment entered in this case is affirmed.

*Affirmed.*