# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0210** (Mingo County 15-F-135)

**Carl Renner,**
**Defendant Below, Petitioner**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Carl Renner, by counsel Paul Andrew Montgomery, appeals the Circuit Court of Mingo County's February 2, 2016, order sentencing him to a term of incarceration of one to fifteen years for his conviction of one count of burglary. The State, by counsel Katlyn Miller, filed a response. On appeal, petitioner argues that the circuit court erred with respect to its burglary and reasonable doubt instructions. Petitioner further alleges a violation of his due process rights by virtue of prosecutorial misconduct and cumulative error.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the September of 2015 term of court, petitioner was indicted on one count of burglary. This charge stemmed from an incident in April of 2015, when Kimberly and Jim Whittaker and their granddaughter returned to their home to find the front door unlocked. Upon entering the home, Mrs. Whittaker and her granddaughter noticed an intruder with a bandana around his face. The Whittakers' granddaughter recognized the intruder as petitioner, the Whittakers' neighbor. At this point, petitioner ran to the back door while Mrs. Whittaker repeatedly asked why he was in the home. Mrs. Whittaker called emergency services, and petitioner eventually escaped. Police arrived and took statements from Mrs. Whittaker and her granddaughter. Approximately one week later, Mrs. Whittaker noticed that the intruder took a box containing jewelry, among other items.

At trial, both Mrs. Whittaker and her granddaughter testified to their recollection of the incident in question. Petitioner did not testify. At the close of the State's case-in-chief, petitioner filed a motion for judgment of acquittal, which the circuit court denied. Thereafter, the State gave its closing arguments, to which petitioner did not object. Additionally, the State proposed jury instructions that the circuit court accepted without objection from petitioner. Thereafter, the jury returned a verdict of guilty on the lone count of burglary.

1

In January of 2016, the circuit court heard arguments regarding post-trial motions, including petitioner's motion for a new trial, which the circuit court denied. The circuit court then sentenced petitioner to a term of incarceration of one to fifteen years. It is from the sentencing order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the proceedings below.

First, this Court finds no merit to petitioner's arguments that the circuit court erred in omitting an instruction on the underlying crime petitioner was alleged to have intended to commit or in its instruction on reasonable doubt. In regard to these assignments of error, it is important to note that petitioner did not object to the jury instructions given below. As such, pursuant to Rule 30 of the West Virginia Rules of Criminal Procedure, this Court will apply a plain-error analysis to these assignments of error. We have previously held that

> "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 7, *State v. Greenfield*, 237 W.Va. 740, 791 S.E.2d 403 (2016). Further, we have held that "this Court will not ordinarily recognize plain error [in the giving of an erroneous instruction (in the absence of a proper and timely objection at trial)], even of constitutional magnitude, where the giving of the erroneous instruction did not substantially impair the truth-finding function of the trial." Syl. Pt. 2, in part, *State v. Hutchinson*, 176 W.Va. 172, 342 S.E.2d 138 (1986).

Petitioner argues that the circuit court erred in omitting the specific underlying crime that he intended to commit when instructing the jury on the material elements of burglary. Pursuant to West Virginia Code § 61-3-11(a), "[i]f any person shall, in the nighttime, break and enter, or enter without breaking, or shall, in the daytime, break and enter, the dwelling house, or an outhouse adjoining thereto or occupied therewith, of another, *with intent to commit a crime therein*, he shall be deemed guilty of burglary." (emphasis added). According to petitioner, because the circuit court failed to instruct the jury as to the specific intent required to prove burglary, the circuit court's instruction was erroneously abstract and constitutes error. Petitioner argues that the circuit court's instruction simply mirrored the language of the burglary statute but

that, in addition to the burglary instruction, the circuit court should have additionally instructed the jury as to the elements of larceny. This Court, however, does not agree.

We have previously held that

> "[a]n instruction for a statutory offense is sufficient if it adopts and follows the language of the statute, or uses substantially equivalent language and plainly informs the jury of the particular offense for which the defendant is charged." Syllabus Point 8, *State v. Slie*, 158 W.Va. 672, 213 S.E.2d 109 (1975).

Syl. Pt. 10, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). In this case, the circuit court's instruction to the jury on burglary materially followed the language from West Virginia Code § 61-3-11(a).[1] As such, it is clear that the circuit court did not err in instructing the jury in this manner, let alone commit plain error that warrants reversal of petitioner's conviction.

---

[1]According to the record on appeal, after providing the statutory definition of burglary, the circuit court instructed the jury as follows:

> In order to find the Defendant guilty of Burglary the State must prove, beyond a reasonable doubt, that:
>
> 1. The Defendant, Carl Renner;
>
> 2. In Mingo County. West Virginia;
>
> 3. On or about the 21st day of April, 2015;
>
> 4. Did, in the nighttime;
>
> 5. Break and enter;
>
> 6. Or did enter without breaking;
>
> 7. Or did in the daytime;
>
> 8. Break and enter;
>
> 9. The dwelling house of another;
>
> 10. Or an outhouse adjoining thereto or occupied therewith of;
>
> 11. Jim and Elaine Whitaker;
>
> 12. With intent to commit a crime therein.

Similarly, we find no error in the circuit court's instruction on reasonable doubt. According to petitioner, the circuit court's instruction on the State's burden of proof and reasonable doubt was erroneous because it impermissibly shifted the burden from the State in violation of his due process rights. Moreover, petitioner argues that the instruction gave definitions of reasonable doubt that varied from customary reasonable doubt language such that the jury was able to convict him on a lesser standard of proof. Again, we do not agree. Importantly, petitioner admits that the circuit court's instruction on reasonable doubt included "the accepted customary reasonable doubt language[,]" although he argues that the circuit court impermissibly injected additional erroneous language. Petitioner is correct that the circuit court's jury instruction on reasonable doubt utilized accepted language, as the record on appeal is clear that the circuit court's instructions complied with our prior holdings. *See State v. Goff*, 166 W.Va. 47, 55 n. 9, 272 S.E.2d 457, 463 n. 9 (1980) (setting forth proposed jury instructions for the standard of beyond a reasonable doubt). However, petitioner's argument as to the additional language in the instruction is without merit.

It is true that this Court has held that

instructions which vary the reasonable doubt standard or attempt to explain it "are strongly discouraged, because they certainly confuse the jury as to the meaning of reasonable doubt and may by themselves be prejudicial to the defendant for the obvious reason that the jury is invited to convict on a lesser standard of proof."

*Id.* at 54, 272 S.E.2d at 462 (quoting *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975)). However, as set forth above, petitioner admits that the circuit court in this matter included "the accepted customary reasonable doubt language in the final charge to the jury . . . ." Given that the circuit court's instructions contained the required language, we cannot find error in the additional language used to explain reasonable doubt to the jury, especially under a plain error standard. For these reasons, we find no error in the circuit court's jury instructions in this matter.

Additionally, this Court declines to grant petitioner relief in regard to his assignment of error concerning alleged prosecutorial misconduct. On appeal, petitioner argues that the State made improper remarks during closing argument and direct examination of certain witnesses. However, the record is devoid of any evidence that petitioner objected to a single one of the instances that he now alleges constitute prosecutorial misconduct. As such, petitioner has waived his right to raise this issue on appeal. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ("This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal."). For this reason, we decline to grant petitioner relief in this regard. Similarly, we find no merit to petitioner's assignment of error regarding cumulative error. As this Court has already addressed petitioner's arguments on appeal and found no error, we decline to grant petitioner relief in this regard.

For the foregoing reasons, the circuit court's February 2, 2016, sentencing order is hereby affirmed.

Affirmed.

4

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman