# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0769** (Barbour County No. 18-F-23)

**Andrew Douglas Wells,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Andrew Douglas Wells appeals the August 25, 2021, order of the Circuit Court of Cabell County that resentenced him for his jury conviction of sexual assault in the first degree, and sexual abuse by a parent, guardian, or custodian.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

In 2017, petitioner's then seven-year-old stepdaughter alleged that petitioner forced her to engage in oral sex and intercourse. On July 15, 2017, a state trooper went to petitioner's home, informed him of the allegations, explained his *Miranda* rights, and took a recorded statement in which petitioner denied any abuse of, or sexual contact with, the child. The trooper asked petitioner to come to the state police barracks to be interviewed, and petitioner met the trooper at the barracks on July 31, 2017. Petitioner signed a written *Miranda* waiver and took a polygraph examination between 9:00 a.m. and 11:06 a.m. Then, two troopers interviewed petitioner and told him that he failed the polygraph examination. Petitioner then admitted that he placed his erect penis into the child's mouth but said he "felt bad" and stopped himself before it went any further. Petitioner was arrested at about 12:40 p.m. but was told he could leave and turn himself in later, but he chose to be arraigned that day. Less than two hours later, at about 2:30 p.m., petitioner was transported to the magistrate court and arraigned. Petitioner was ultimately indicted on several felony charges regarding his stepdaughter.

Petitioner moved to suppress his July 31, 2017, statement to the state troopers claiming it was involuntary and coerced. The trial court found petitioner's statement to be voluntary, denied the motion to suppress, and allowed the State to use the statement at petitioner's jury trial. A jury found petitioner guilty of first-degree sexual assault and sexual abuse by a parent, guardian, or custodian. Petitioner responded with a motion for a new trial. The trial court denied petitioner's motion and sentenced him to consecutive terms of not less that twenty-five nor more than 100 years in prison for first-degree sexual assault, and not less than ten nor more than twenty years in

---

[1] Petitioner is represented by Jason E. Wingfield. Respondent is represented by Patrick Morrisey and Andrea Nease Proper.

prison for sexual abuse by a parent, guardian, or custodian, plus fifty-years of extended supervision if he is paroled. Petitioner was resentenced to the same sentence on August 25, 2021, for the purposes of this appeal.

Petitioner's sole assignment of error is that the circuit court abused its discretion and erred by admitting at trial his inculpatory statement to the troopers. In reviewing a ruling on a motion to suppress, we construe all facts in the light most favorable to the State (since it was the prevailing party below) and give deference to the circuit court's factual rulings. Syl. Pt. 1, *State v. Lacy*, 196 W. Va. 104, 468 S.E.2d 719 (1996). "[A] circuit court's denial of a motion to suppress evidence will be affirmed unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake has been made." *Id.*, Syl. Pt. 2. Where an accused admits to a crime, "[t]he [due process] question in each case is whether a defendant's will was overborne at the time he confessed." *Reck v. Pate*, 367 U.S. 433, 440 (1961).

> [T]he State may not use statements stemming from custodial interrogation of a defendant unless it proves by a preponderance of the evidence that the confession was voluntary viewing the totality of the circumstances. *State v. Persinger*, 169 W.Va. 121, 286 S.E.2d 261, 267 (1982); syl. pt. 5, *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975). The "totality of the circumstances" means that a court reviewing the voluntariness of a confession must look at both the conduct of the police in the investigation and the particular characteristics of the accused. *State v. Williams*, 171 W.Va. 556, 301 S.E.2d 187, 189 (1983).

*State v. Hall*, 179 W. Va. 398, 401, 369 S.E.2d 701, 704 (1988).

A necessary predicate for finding a confession to be involuntary is that the confession was produced through "coercive police activity." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). Petitioner argues that the two troopers who interviewed him used coercive pressure and, as a result, he involuntarily confessed because the troopers said that he failed the polygraph examination. We note that the record shows petitioner went to the state police barracks on his own accord, signed a form acknowledging his *Miranda* rights, and voluntarily took a polygraph examination. Moreover, petitioner was middle-aged, had a GED, and had extensive experience with law enforcement and the legal system. After a little more than two hours at the barracks, and almost immediately after being told he failed the polygraph, petitioner admitted to criminal sexual activity with his stepdaughter. Petitioner was free to leave at any time during his interview and he does not claim that the officers made him any promises, threatened him, or physically abused him. Hence, having examined both the police officer's conduct and petitioner's particular characteristics, we find no coercive police activity or that petitioner's will was overborne by the troopers' words or actions.

Petitioner also argues that his confession was involuntary because the troopers violated the prompt presentment rule, West Virginia Code § 62-1-5(a)(1), by failing to present him to a magistrate for more than seven hours after his *arrival* at the police barracks. West Virginia Code § 62-1-5(a)(1) provides that an "officer . . . making an arrest . . . shall take the arrested person without unnecessary delay before a magistrate of the county where the arrest is made." "Our prompt presentment rule contained in W.Va. Code, 62-1-5 . . . is triggered when an accused is

placed under arrest. Furthermore, once a defendant is in police custody with sufficient probable cause to warrant an arrest, the prompt presentment rule is also triggered." Syl. Pt. 2, *State v. Humphrey*, 177 W. Va. 264, 265, 351 S.E.2d 613, 614 (1986). "The delay between the time of the arrest or custodial interrogation and the giving of a confession is most critical for prompt presentment purposes because during this time period custodial confinement and interrogation can be used to attempt to produce a confession." Syl. Pt. 4, *State v. Wickline*, 184 W. Va. 12, 399 S.E.2d 42 (1990).

Here, petitioner ignores that, following his 9:00 a.m. arrival at the barracks, he reviewed his *Miranda* rights and agreed to take a polygraph examination. Thereafter, petitioner agreed to participate in a recorded interview during which he almost immediately confessed to placing his penis in the child-victim's mouth. Following that admission, the troopers gave petitioner the option to leave and turn himself in later. Petitioner initially agreed to do so but changed his mind, was arrested at 12:40 p.m., and was presented to a magistrate at 2:30 p.m., less than two hours after his arrest. Further, the record contains no evidence of post-arrest questioning. On this record, we find no violation of the prompt presentment rule.

Finally, petitioner contends that, at trial, he was denied his right to confront the troopers' tactics which he alleges caused him to confess because the trial court precluded any testimony about his polygraph examination. "It is well-settled that any reference to a criminal defendant's offer or refusal to take a polygraph examination, and the results of a polygraph examination, are inadmissible. Likewise, evidence that a defendant in a criminal case took a polygraph examination also is inadmissible." Syl. Pt. 5, *State v. Tyler G.*, 236 W. Va. 152, 778 S.E.2d 601 (2015). Moreover, the record shows petitioner confronted the troopers at his suppression hearing and at trial. Thus, we find no error.

Affirmed.

**ISSUED:** December 6, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3